UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVAYA INC.,

               Plaintiff,

    v.

RAYMOND BRADLEY PEARCE,  et al.,

               Defendants,

and

METROLINE, INC., nonparty recipient of
subpoena issued by Plaintiff Avaya Inc.

Case No. 2:19-mc-50986-MOB-EAS

Hon. Marianne O. Battani

Underlying Case:
Case No. 3:19-cv-00565- SI
Northern District of California

## PLAINTIFF AVAYA INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY TO NONPARTY METROLINE, INC.'S MOTION TO QUASH SUBPOENA

Plaintiff Avaya Inc. ("Avaya") respectfully requests leave to file a very brief sur-reply and supporting declaration attached hereto as Exhibit A in response to the Reply memorandum filed by Nonparty Metroline, Inc. ("Metroline").  New evidence has come to light that raises serious questions about the assertions made in Metroline's Reply, and at the very least, has disproven Metroline's primary argument in Reply that Avaya has not shown that "***nonparty Metroline dealt directly with any named defendant or was otherwise involved in the 'scheme' alleged in the Underlying Action.***"  Metroline Reply, ECF No. 5, at p. 4 (emphasis in original).

As set forth in more detail in Avaya's sur-reply brief below, Avaya has recently learned that Metroline played a significant role in the distribution of stolen Avaya software licenses.  The full scope of that role is in records within Metroline's possession, custody, and control. Regardless, this new evidence conclusively establishes that either Metroline was directly involved in distributing these stolen licenses, or that Metroline was part of the distribution chain

through which another third party distributed the stolen software licenses.  Either way, this new evidence shows that Metroline's arguments in Reply are misleading at best.

**Legal Standard**.  While Sur-replies are generally disfavored, where a party's "surreply raises factual allegations of substantial import," the consideration of which would be in the "interest of justice," the Court may exercise its discretion in permitting supplemental briefing. *Tnaib v. Document Techs., LLC*, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006).  Here, that standard is met and more.  Indeed, because the underlying facts and evidence are mostly within the possession, custody, and control of Metroline, and Metroline alone knew of these newly discovered facts, the principles of equity strongly favor allowing this new evidence on sur-reply here.

**Conclusion.**  For the foregoing reasons, Avaya respectfully requests that the Court grant its motion for leave to file the sur-reply and Declaration of Lisa J. McCann in support, attached as Exhibit A below, and to deem such sur-reply and declaration to be filed as of the date of the order granting this Motion.

DATED: August 15, 2019                        Respectfully submitted,

                                                     **SIDEMAN & BANCROFT LLP**

                                              By:   */s/ Lyndsey C. Heaton*
                                                     Lyndsey C. Heaton
                                                     One Embarcadero Center, Twenty-Second Floor
                                                     San Francisco, California 94111-3711
                                                     Telephone:     (415) 392-1960
                                                     (CA State Bar No. 262883)

                                                     Attorneys for Plaintiff
                                                     Avaya Inc.

**THE MILLER LAW FIRM, P.C.**
Seth D. Gould (P45465)
950 West University Dr., Ste. 300
Rochester, MI 48307
Telephone: (248) 841=22—
sdg@millerlawpc.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVAYA INC.,

                Plaintiff,

      v.

RAYMOND BRADLEY PEARCE, et al.,

                Defendants,

and

METROLINE, INC., nonparty recipient of
subpoena issued by Plaintiff Avaya Inc.

Case No. 2:19-mc-50986-MOB-EAS

Hon. Marianne O. Battani

Underlying Case:
Case No. 3:19-cv-00565- SI
Northern District of California

## PLAINTIFF AVAYA INC.'S SUR-REPLY TO NONPARTY METROLINE, INC.'S MOTION TO QUASH SUBPOENA

Nonparty Metroline, Inc. ("Metroline") hinges its Reply on the argument that Plaintiff Avaya Inc. ("Avaya") has not shown that "***nonparty Metroline dealt directly with any named defendant or was otherwise involved in the 'scheme' alleged in the Underlying Action.***" Metroline Reply, ECF No. 5, at p. 4 (emphasis in original). That argument is not correct on the law and is contradicted by Avaya's Opposition. What's more, new evidence has come to light that conclusively confirms Metroline's connection to the stolen software licenses that form the basis of the Underlying Complaint. That Metroline would file its Motion and Reply and hide this evidence from the Court and Avaya is troubling.

**The New Evidence**. The new evidence very recently obtained by Avaya originated from an Avaya partner and shows that the Avaya partner sold thousands of blank Avaya-compatible memory cards to Metroline. *See* Declaration of Lisa J. McCann in Support of Sur-Reply, *infra*,

1

at ¶3 & Ex. 1 (exemplar invoice to Metroline detailing purchase of numerous SD cards).  The specific type of Avaya memory card sold to Metroline is generally used to distribute Avaya software licenses to end users.  *See id*.  There does not appear to be any reason for Metroline to purchase thousands of blank Avaya memory cards other than to unlawfully distribute Avaya software to its customers or to assist someone else in doing the same.  Moreover, in analyzing data related to the memory cards purchased by Metroline, Avaya has determined that at least 73 SD cards purchased by Metroline now contain Avaya software licenses directly tied to the theft by the lead Defendant in the Underlying Action, Defendant Pearce ("Defendant Pearce").  *See id*., ¶ 4.  Further, just with regard to the exemplar Metroline invoice attached as Exhibit 1, Avaya has been able to determine that at least 23 of those SD Cards purchased by Metroline now contain Avaya software licenses directly tied to the theft by Defendant Pearce.  *Id*.

**Impact of the New Evidence**.  Perhaps Metroline can somehow explain an innocent reason for the purchase of thousands of blank Avaya memory cards and perhaps Metroline can somehow explain how stolen software licenses were added to the SD cards that they purchased.  Even if it may be potentially possible for Metroline to somehow explain this, it would still mean that Metroline has highly relevant evidence about the chain of events from the time that Metroline purchased blank memory cards to the time that the stolen software licenses were distributed on those same SD cards.  This evidence is critical to Avaya's claims about the distribution of infringing and stolen Avaya software licenses alleged in the Underlying Action.

In short, there are two possible conclusions from this newly uncovered evidence against Metroline, both of which require denial of the Motion to Quash.  The first is that Metroline is deeply involved in the conspiracy to distribute/resell stolen Avaya software licenses alleged in the Underlying Action.  The second is that Metroline was an intermediary reseller of blank

2

Avaya memory cards and that another third party in the chain after them was responsible for distributing the stolen software licenses using the memory cards that Metroline purchased.  Of course, under this second scenario, Metroline would still have records of the sale of the blank SD card and their scienter in doing so would still be in question.  But, regardless, it cannot now be disputed that Metroline has possession, custody, and/or control of some of the most significant and directly relevant records related to Avaya's Underlying Action.

Further, this new evidence also is highly suggestive of bad faith on Metroline's part in filing the Motion to Quash in the first place.  Metroline had to have known these facts in advance and filed its Motion and Reply apparently hoping that the true facts would never come to light. It was just by chance that Avaya learned about this new evidence before the hearing on this Motion.

**Conclusion**.  Accordingly, Avaya respectfully requests that the Court grant its request to file this sur-reply, including the Declaration of Lisa McCann below filed concurrently herewith, and that the Court deny Metroline's Motion to Quash, order Metroline to produce all responsive documents/data forthwith, and order such further and additional relief as the Court deems just under these concerning circumstances.

DATED: August 15, 2019                    Respectfully submitted,

                                     **SIDEMAN & BANCROFT LLP**

                                     By:  */s/ Lyndsey C. Heaton*
                                         Lyndsey C. Heaton
                                         One Embarcadero Center, Twenty-Second Floor
                                         San Francisco, California 94111-3711
                                         Telephone:    (415) 392-1960
                                         (CA State Bar No. 262883)

                                         Attorneys for Plaintiff
                                         Avaya Inc.

**THE MILLER LAW FIRM, P.C.**
Seth D. Gould (P45465)
950 West University Dr., Ste. 300
Rochester, MI 48307
Telephone: (248) 841=22—
sdg@millerlawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVAYA INC.,

                Plaintiff,

    v.

RAYMOND BRADLEY PEARCE,  et al.,

                Defendants,

and

METROLINE, INC., nonparty recipient of
subpoena issued by Plaintiff Avaya Inc.

Case No. 2:19-mc-50986-MOB-EAS

Hon. Marianne O. Battani

Underlying Case:
Case No. 3:19-cv-00565- SI
Northern District of California

**DECLARATION OF LISA J. MCCANN IN SUPPORT OF SUR-REPLY**

I, LISA MCCANN, declare as follows:

1.     I am a Senior Manager at Avaya Inc. ("Avaya").  The following is of my own personal knowledge, and if called as a witness in this matter, I could and would competently testify thereto.

2.     My responsibilities as Avaya include brand protection and investigation of the unauthorized sales of Avaya products.  As part of my role at Avaya, I am familiar with the facts underlying Avaya's allegations relating to the creation, sale, and distribution of the stolen licenses described in the complaint in this matter.

3.     Avaya recently discovered that an authorized Avaya partner had been selling thousands of blank Avaya-compatible memory cards (called "SD cards") to Non-Party Metroline, Inc. ("Metroline").  An exemplar invoice between the partner and Metroline, partially redacted in abundance of caution, is attached hereto as Exhibit 1.  This exemplar invoice reflects

Case 2:19-mc-50986-MOB-EAS   ECF No. 7   filed 08/16/19   PageID.278   Page 10 of 17

the purchase of numerous blank SD cards by Metroline.  These Avaya SD cards are generally used for the authorized distribution of Avaya software licenses.

4.      The records provided by this Avaya partner showed not only the thousands of blank SD Cards purchased by Metroline, but based on the limited data available, we were able to also determine that at least 73 SD cards purchased by Metroline now contain Avaya software licenses that have been directly tied to the theft by the lead Defendant in the Underlying Action, Defendant Raymond Bradley "Brad" Pearce.  Further, just with regard to the SD cards listed in the exemplar Metroline invoice attached as Exhibit 1, we were able to determine that at least 23 of those SD Cards purchased by Metroline now contain Avaya software licenses that have been directly tied to the theft by the lead Defendant in the Underlying Action, Defendant Raymond Bradley "Brad" Pearce.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 15, 2019,  at   Anaconda, MT                              .


                                                    _Lisa mcCann_____
                                                    Lisa McCann

**EXHIBIT 1**

# Invoice



| Date | Invoice # |
|------|-----------|
| 1/20/2016 | ■■■■ |

| TERMS | DUE DATE |
|-------|----------|
| CC | 1/20/2016 |

| Rep | P.O. # |
|-----|--------|
| LRR | ■■■■ |

| Order Date | Shipping Service |
|------------|------------------|
| 1/18/2016 | Ground |

| Prepaid/Collect | Carrier |
|-----------------|---------|
| | |

**Bill To Address**

ACCOUNTS PAYABLE
METROLINE INC
2250 MEIJER DR
TROY MI  48084

**Ship To Address**

METROLINE INC
2250 MEIJER DR
TROY MI  48084

| Item | Qty | Description | Rate | Amount |
|------|-----|-------------|------|--------|
| 700479710 | 200 | Ea. IPO IP500 V2 SYSTEM SD CARD MU-LAW<br>S/N:   000000001383892992 ,  000000001383898519 ,  00000001383955067 ,  000000001384227748 ,  000000001384255928 ,  000000001384483483 ,  000000001384583198 ,  000000001384586437 ,  000000001384697950 ,  000000001384754482 ,  000000001384786437 ,  000000001384791854 ,  000000001384992803 ,  000000001385064067 ,  000000001385114807 ,  000000001385167744 ,  000000001385224876 ,  000000001385240151 ,  000000001385286043 ,  000000001385301344 ,  000000001385470270 ,  000000001385613373 ,  000000001385900719 ,  000000001385920745 ,  000000001385996075 ,  000000001386020262 ,  000000001386301360 ,  000000001386358148 ,  000000001386460159 ,  000000001386467025 ,  000000001386585654 ,  000000001386662293 ,  000000001386732194 ,  000000001386906593 ,  000000001386907450 ,  000000001387020682 ,  000000001387092548 ,  000000001387109023 ,  000000001387200538 ,  000000001387257355 ,  000000001387291921 ,  000000001387302803 ,  000000001387490082 ,  000000001387529970 , | 29.95 | 5,990.00 |



Phone #

Web Site

PLEASE REMIT PAYMENT TO:

■■■■

If paying by Credit Card or ACH, please send
notifications/authorizations to accounting@■■■■

| | |
|---|---|
| **Subtotal** | |
| **Sales Tax (0.0%)** | |
| **Total** | |
| **Payments/Credits** | |
| **Balance Due:** | |



# Invoice

| Date | Invoice # |
|------|-----------|
| 1/20/2016 | ███████ |

| TERMS | DUE DATE |
|-------|----------|
| CC | 1/20/2016 |

| Rep | | P.O. # | |
|-----|---|--------|---|
| LRR | | ███████ | |

| Order Date | Shipping Service |
|------------|------------------|
| 1/18/2016 | Ground |

| Prepaid/Collect | Carrier |
|-----------------|---------|
| | |

Bill To Address

ACCOUNTS PAYABLE
METROLINE INC
2250 MEIJER DR
TROY MI  48084

Ship To Address

METROLINE INC
2250 MEIJER DR
TROY MI  48084

| Item | Qty | Description | Rate | Amount |
|------|-----|-------------|------|--------|
| | | 000000001387636123 ,  000000001387673109 ,<br>000000001387760027 ,  000000001387790977 ,<br>000000001387911437 ,  000000001387925805 ,<br>000000001388036447 ,  000000001388128104 ,<br>000000001388201308 ,  000000001388252008 ,<br>000000001388258047 ,  000000001388318852 ,<br>000000001388321887 ,  000000001388541767 ,<br>000000001388592060 ,  000000001388767202 ,<br>000000001388819470 ,  000000001389095377 ,<br>000000001389124557 ,  000000001389133384 ,<br>000000001389286219 ,  000000001389287312 ,<br>000000001389347964 ,  000000001389601695 ,<br>000000001389649764 ,  000000001389716162 ,<br>000000001389717017 ,  000000001389756964 ,<br>000000001389869127 ,  000000001390013549 ,<br>000000001390056665 ,  000000001390165781 ,<br>000000001390228166 ,  000000001390253271 ,<br>000000001390287821 ,  000000001390400195 ,<br>000000001390495287 ,  000000001390580812 ,<br>000000001390817373 ,  000000001390833064 ,<br>000000001390863710 ,  000000001390926663 ,<br>000000001391011102 ,  000000001391222769 ,<br>000000001391313902 ,  000000001391348980 , | | |



Phone #

Web Site

PLEASE REMIT PAYMENT TO:

If paying by Credit Card or ACH, please send
notifications/authorizations to accounting@████████

| Subtotal | |
|----------|---|
| Sales Tax (0.0%) | |
| Total | |
| Payments/Credits | |
| Balance Due: | |



# Invoice

| Date | Invoice # |
|---|---|
| 1/20/2016 | ███████ |

| TERMS | DUE DATE |
|---|---|
| CC | 1/20/2016 |

| Rep | P.O. # |
|---|---|
| LRR | ███████ |

| Order Date | Shipping Service |
|---|---|
| 1/18/2016 | Ground |

| Prepaid/Collect | Carrier |
|---|---|
| | |

**Bill To Address**

ACCOUNTS PAYABLE
METROLINE INC
2250 MEIJER DR
TROY MI  48084

**Ship To Address**

METROLINE INC
2250 MEIJER DR
TROY MI  48084

| Item | Qty | Description | Rate | Amount |
|---|---|---|---|---|
| | | 000000001391567885 ,  000000001391745880 ,<br>00000001391945099 ,  000000001392028989 ,<br>00000001392032230 ,  000000001392149236 ,<br>00000001392211922 ,  000000001392231640 ,<br>00000001392273470 ,  000000001392358710 ,<br>00000001392511672 ,  000000001392523625 ,<br>00000001392577683 ,  000000001392594016 ,<br>00000001392628612 ,  000000001392742800 ,<br>00000001392801185 ,  000000001392879254 ,<br>00000001392926390 ,  000000001393004856 ,<br>00000001393015870 ,  000000001393092633 ,<br>00000001393253933 ,  000000001393306906 ,<br>00000001393533258 ,  000000001393545883 ,<br>00000001393611952 ,  000000001393623870 ,<br>00000001393767187 ,  000000001393803945 ,<br>00000001393838515 ,  000000001393909122 ,<br>00000001393915541 ,  000000001393962677 ,<br>00000001393995898 ,  000000001394013313 ,<br>00000001394415403 ,  000000001394439680 ,<br>00000001394523828 ,  000000001394680760 ,<br>00000001394721193 ,  000000001394824183 ,<br>00000001394952637 ,  000000001394972273 ,<br>00000001394994326 ,  000000001395124664 , | | |



Phone #   █████████

Web Site   ███████████

PLEASE REMIT PAYMENT TO:

███████████

If paying by Credit Card or ACH, please send
notifications/authorizations to accounting@███████

| Subtotal | |
|---|---|
| Sales Tax (0.0%) | |
| Total | |
| Payments/Credits | |
| **Balance Due:** | |



# *Invoice*

| Date | Invoice # |
|------|-----------|
| 1/20/2016 | ██████ |

| TERMS | DUE DATE |
|-------|----------|
| CC | 1/20/2016 |
| Rep | P.O. # |
| LRR | ██████ |
| Order Date | Shipping Service |
| 1/18/2016 | Ground |
| Prepaid/Collect | Carrier |
| | |

**Bill To Address**

ACCOUNTS PAYABLE
METROLINE INC
2250 MEIJER DR
TROY MI  48084

**Ship To Address**

METROLINE INC
2250 MEIJER DR
TROY MI  48084

| Item | Qty | Description | Rate | Amount |
|------|-----|-------------|------|--------|
| | | 000000001395441416 , 000000001395572262 , 000000001395709655 , 000000001395792266 , 000000001395818255 , 000000001395958725 , 000000001396015785 , 000000001396044981 , 000000001396175259 , 000000001396240006 , 000000001396267051 , 000000001396320618 , 000000001396402014 , 000000001396470342 , 000000001396498831 , 000000001396655863 , 000000001396797557 , 000000001396832111 , 000000001396874860 , 000000001396900065 , 000000001396998822 , 000000001397030871 , 000000001397214281 , 000000001397279954 , 000000001397380351 , 000000001397430800 , 000000001397463537 , 000000001397464945 , 000000001397510609 , 000000001397657300 , 000000001397909590 , 000000001397946044 , 000000001397962319 , 000000001398048495 , 000000001398069236 , 000000001398220108 , 000000001398260614 , 000000001398266954 , 000000001398281322 , 000000001398346993 , 000000001398446789 , 000000001398471752 , 000000001398515932 , 000000001398636807 , 000000001398645709 , 000000001398834384 , | | |



Phone #

Web Site

PLEASE REMIT PAYMENT TO:

If paying by Credit Card or ACH, please send
notifications/authorizations to accounting@██████

| Subtotal | |
|----------|--|
| Sales Tax (0.0%) | |
| Total | |
| Payments/Credits | |
| **Balance Due:** | |



# *Invoice*



| Date | Invoice # |
|------|-----------|
| 1/20/2016 | ███████ |

**Bill To Address**

ACCOUNTS PAYABLE
METROLINE INC
2250 MEIJER DR
TROY MI  48084

**Ship To Address**

METROLINE INC
2250 MEIJER DR
TROY MI  48084

| *TERMS* | *DUE DATE* |
|---------|-----------|
| *CC* | *1/20/2016* |

| Rep | **P.O. #** |
|-----|-----------|
| LRR | ███████ |

| Order Date | Shipping Service |
|-----------|------------------|
| 1/18/2016 | Ground |

| Prepaid/Collect | Carrier |
|-----------------|---------|
| | |

| Item | Qty | Description | Rate | Amount |
|------|-----|-------------|------|--------|
| | | 000000001398965575 , 000000001398972624 , Tracking #: 1Z038Y600368061418 | | |
| | | 03615G | | |



Phone #

Web Site

PLEASE REMIT PAYMENT TO:

If paying by Credit Card or ACH, please send
notifications/authorizations to accounting@███████

| Subtotal | $5,990.00 |
|----------|-----------|
| Sales Tax (0.0%) | $0.00 |
| Total | $5,990.00 |
| Payments/Credits | -$5,990.00 |
| **Balance Due:** | **$0.00** |

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the following to all parties of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: none.

DATED: August 16, 2019                    Respectfully submitted,
                                          SIDEMAN & BANCROFT LLP


                                  By:   */s/ Lyndsey C. Heaton*
                                        Lyndsey C. Heaton (CA SBN 262883)
                                        Sideman & Bancroft LLP
                                        One Embarcadero Center, 22nd Floor
                                        San Francisco, CA 94111
                                        Telephone: (415) 392-1960
                                        lheaton@sideman.com
                                        *Attorneys for Plaintiff*, Avaya Inc.